IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY BRUMBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3302 |
| | ) | |
| INTERNATIONAL BROTHER-HOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 51, et al., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant International Brotherhood of Electrical Workers, Local Union No. 51's (Local 51) Motion to Dismiss Plaintiff's First Amended Complaint (d/e 15) and accompanying Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (d/e 16).  For the reasons set forth below, the Motion to Dismiss is allowed, in part, and denied, in part.

PROCEDURAL AND FACTUAL BACKGROUND

On August 21, 2006, Plaintiff Larry Brumbaugh filed a three-count

1

complaint in the Circuit Court of the Eighth Judicial District in Adams County, Illinois.  See Attachments to Notice of Removal (d/e 1), State Court Complaint.  The state court complaint alleged claims for breach of contract (Count I), professional negligence (Count II), and "holding out" (Count III) against International Brotherhood of Electrical Workers (IBEW), Local 51, and Dominic Rivara.  On December 18, 2006, Plaintiff served Defendant Local 51 with a copy of the state court complaint and a summons.  On December 29, 2006, Local 51 removed the state court action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Plaintiff did not challenge the removal.

On February 15, 2007, Plaintiff sought leave to file an amended complaint, which was allowed.  See First Motion for Leave to File First Amended Complaint (d/e 11); Text Order entered February 16, 2007.  In his First Amended Complaint (d/e 10), Plaintiff alleged state law claims for breach of contract (Count I), professional negligence (Count II) and implied contract (Count III), and a federal claim for breach of the duty of fair representation (Count IV).  On March 2, 2007, Plaintiff voluntarily moved to dismiss Defendant Rivara as a party to this action, which was granted.  See Text Order entered March 2, 2007.  Local 51 has filed the instant

Motion to Dismiss, seeking to dismiss Plaintiff's three state law claims (Counts I, II, and III) on the grounds of federal preemption and his federal claim (Count IV) for failure to state a claim upon which relief can be granted.

For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the complaint and draw all inferences in the light most favorable to the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The following facts are taken from the allegations of the First Amended Complaint. Plaintiff has been employed at Nelson Tree Service (a non-party to this action) for almost nine years and is a union member represented by Defendant Local 51. Defendant IBEW is an international labor organization, operating in Quincy, Adams County, Illinois, by and through Local 51, which is a local lodge or union hall operating under the authority of IBEW.

At all times relevant to this action, Nelson Tree Service and Local 51 have been parties to a Collective Bargaining Agreement (CBA), which provides that Local 51 is the exclusive bargaining representative of qualified

employees at Nelson Tree Service, including Plaintiff, with respect to all matters concerning benefits, discipline, and other applicable conditions of employment.[1]  The First Amended Complaint asserts that because Plaintiff is an intended third party beneficiary of the CBA, Local 51 (as Plaintiff's exclusive bargaining representative) has a duty to represent him "with reasonable skill, diligence and zeal" in all matters covered by the CBA when disputes arise between Plaintiff and his employer.  <u>First Amended Complaint</u>, ¶ 9.

The First Amended Complaint alleges that Plaintiff was demoted from a certain position at Nelson Tree Service and, as a result, Plaintiff grieved his demotion.  On December 15, 2005, as a consequence of negotiations between Local 51 and Rivara and Nelson Tree Service regarding Plaintiff's grievance, the grievance was settled.[2]  The December 15, 2005, Settlement Agreement provided as follows: "As of this date both

---

[1] The Court notes that there were two collective bargaining agreements in effect during the time period at issue in this case.  The first CBA governs the time period from March 3, 2002 to December 31, 2005, and the second CBA governs the time period from January 1, 2006 to December 31, 2007.  <u>See</u> <u>Attachments to Notice of Exhibit Filings (d/e 4)</u>.  The two CBAs include procedures for filing and resolving employee grievances.

[2] According to the First Amended Complaint, Rivara is the Business Manager of Local 51.  <u>First Amended Complaint</u>, ¶ 5.

4

parties (IBEW Local 51 and Nelson Tree Service) agree that when Nelson Tree Service starts a manual crew in the Quincy Area that Local 51 Member Larry Brumbaugh will be afforded the opportunity to run the crew." <u>Attachments to Notice of Removal</u>, Exh. A.

The First Amended Complaint states that, on or about April 1, 2006, Plaintiff learned that a Nelson crew had begun working in or about Quincy, Illinois, and that he had not been appointed foreman of that crew, which Plaintiff believed was a violation of the Settlement Agreement. Plaintiff thus grieved this violation and brought the grievance to the attention of Local 51. By a letter dated May 24, 2006, Local 51 advised Plaintiff that it would not pursue his grievance because it believed the grievance to be without merit.[3]

---

[3]The letter reads in its entirety as follows:
The Company, Union and Mr. Brumbaugh met Monday, May 22, 2006 at the I.B.E.W. Local Union 51 office to address the above-referenced grievance.

Mr. Brumbaugh presented his position as to why he believed that the December 15, 2005 resolution had been violated.

Nelson Tree and I.B.E.W. Local Union 51 agree that the December 15, 2005 settlement has not been violated. The parties agreement/intent was that when a crew was "started", "added", "put on", Mr. Brumbaugh will be afforded the opportunity to run the crew.

Since the settlement agreement was reached, the tree trimming budget has been reduced, crews transferred to other areas to avoid layoffs and one crew

Count I alleges that Local 51's abandonment of Plaintiff's grievance constituted a violation of Local 51's "contractual duty to zealously, effectively and diligently" represent Plaintiff in his dispute with his employer concerning the employer's alleged breach of the December 15, 2005, Settlement Agreement. First Amended Complaint, ¶ 15. Count II alleges that "[n]otwithstanding the [CBA], the Defendants hereto had a duty in law to represent . . . Plaintiff zealously and effectively . . ." and their refusal to pursue the grievance amounted to professional negligence. Id. at ¶ 18. Count III alleges that the Defendants "held" themselves out as Plaintiff's representative and advocate, but failed to fulfill their implied bargain with Plaintiff to advocate on his behalf by declining to pursue the grievance further. Count IV alleges that the Defendants breached their duty of fair representation of Plaintiff by refusing to pursue his grievance and that such conduct was arbitrary, discriminatory, and in bad faith. Local 51

---

laid off.

The Nelson Tree Company reaffirmed its intent to stand by the agreement of December 15, 2005.

I.B.E.W. Local Union 51 considers this matter resolved and [sic] will not process this matter any further in the grievance/arbitration procedure.

Attachments to Notice of Removal, Exh. B.

now moves to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

A Rule 12(b)(6) motion to dismiss for failure to state a claim requires the court to consider the allegations in the light most favorable to plaintiff and to accept all well-pleaded facts as true. Cole v. U.S. Capital, Inc., 389 F.3d 719, 724 (7th Cir. 2004). A complaint should not be dismissed, under Rule 12(b)(6), for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). The plaintiff is required only to provide a short and plain statement of his claim "'that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a); see also Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). Under this notice pleading standard, plaintiff need not plead facts or legal theories. Hefferman v. Bass, 467 F.3d 596, 599 (7th Cir. 2006) (citing cases). Further, any documents accompanying the complaint are considered

part of the pleadings, and documents attached to a motion to dismiss are similarly considered part of the pleadings if they are referenced in the complaint and are central to the plaintiff's claims. Fed. R. Civ. P. 10(c); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993); Chavez v. Farmington Foods, Inc., 1997 WL 403494, at *2 (N.D. Ill. July 11, 1997).

    A.  COUNTS I, II, and III

Local 51 moves to dismiss the first three state law claims for breach of contract (Count I), professional negligence (Count II), and implied contract (Count III) on the grounds of federal preemption. Local 51 asserts that the three state law claims are preempted by the federal law concerning the duty of fair representation. It is well-established that § 301 of the Labor Management Relations Act (LMRA) "completely" preempts state claims directly implicating rights created by collective bargaining agreements, as well as claims requiring an interpretation of the terms of a collective bargaining agreement. Nelson v. Stewart, 422 F.3d 463, 467-68 (7th Cir. 2005). "Closely related to claims implicating section 301, the Court long has implied from a labor union's status as the exclusive representative of workers in its bargaining unit, a concomitant duty of the union to represent

its members fairly." Id. at 469 (internal citation omitted). "The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit . . . without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 165 n. 14 (1983) (internal quotations omitted) (citing cases).

Furthermore, as with state law claims implicating § 301 of the LMRA, an employee's state law claims against his union, challenging the union's alleged deficient representation of him in disputes with his employer, are displaced by the federal law of the duty of fair representation. Marrero v. Modern Maintenance Bldg. Services, Inc., 318 F.Supp.2d 721, 724 (E.D. Wis. 2004) (citing Vaca v. Sipes, 386 U.S. 171, 177 (1967)); see Nelson, 422 F.3d at 470 ("We may assume for purposes of our decision today that our sister circuits have decided correctly that a union's implied duty of fair representation involving a section 301 contract effects complete preemption."); see also Thomas v. National Ass'n of Letter Carriers, 225 F.3d 1149, 1158 (10th Cir. 2000) ("Where a plaintiff's allegations fall

9

within the scope of the duty of fair representation, federal labor law governs and ordinarily preempts any state-law claims based on those allegations.").[4]

In viewing the allegations of the First Amended Complaint in the light most favorable to Plaintiff at this stage, the Court finds that Plaintiff's three state law claims are preempted by the federal law of the duty of fair representation. Plaintiff's state law claims all stem from Local 51's refusal to pursue Plaintiff's grievance protesting Nelson Tree Service's alleged breach of the December 15, 2005, Settlement Agreement.

Specifically, in Counts I and III, Plaintiff alleges that the Defendants had a contractual duty, or assumed a contractual duty, to zealously and effectively represent him in disputes with his employer, as to all matters pertaining to conditions of employment that were covered under the CBA. In those counts, Plaintiff claims that Local 51, as Plaintiff's exclusive

---

[4]The Court notes that in Vaca, the Supreme Court explained that an employee's claims against his union for breach of the duty of fair representation were not exclusively within the jurisdiction of the National Labor Relations Board, but that federal courts also have jurisdiction over such claims, provided that the employee bringing the action shows both that the employer violated the collective bargaining agreement and that the employee's union breached its duty of fair representation in its handling of the employee's grievance. Vaca, 386 U.S. at 181-83, 186-87; See DelCostello, 462 U.S. at 164; Souter v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America Local 72, 993 F.2d 595, 598 (7th Cir. 1993); Huber v. International Union, United Automobile, Aerospace, & Agricultural Implement Workers of America, 2005 WL 645158, at *5 (S.D. Ind. March 3, 2005).

10

bargaining representative, breached its contractual duty when it abandoned Plaintiff's grievance and declined to pursue the matter.  The allegations set forth in Counts I and III demonstrate that the challenged conduct arises from the union's alleged lack of effort on behalf of Plaintiff concerning his grievance, thereby directly implicating the federal law of the duty of fair representation.  In other words, Plaintiff's allegations fall squarely within the parameters of the duty of fair representation.  See Thomas, 225 F.3d at 1158; Marrero, 318 F.Supp.2d at 725.

In Count II, Plaintiff attempts to state a claim, independent of the CBA, for professional negligence.  In it Plaintiff claims that Defendants had a duty in law, notwithstanding the CBA, to represent Plaintiff zealously and that Defendants committed professional negligence when they failed to pursue Plaintiff's grievance.  However, the source of the duty on the part of Local 51 to represent Plaintiff fairly in this matter with Nelson Tree Service is found in The National Labor Relations Act's grant of authority to a union to be the exclusive bargaining representative and in the CBA which designated Local 51 as Plaintiff's representative.  Thus, this count likewise is preempted by the federal law duty of fair representation.  See Marrero, 318 F.Supp.2d at 725, 726.

Plaintiff's three state law claims must therefore be dismissed as they are preempted by the federal law concerning the duty of fair representation.[5] Counts I, II, and III are dismissed.

B.   COUNT IV

Local 51 next asserts that Plaintiff's federal claim for breach of the duty of fair representation (Count IV) fails to state a claim upon which relief can be granted.  Local 51 contends that Count IV fails to "directly" allege that Plaintiff's employer violated any agreement, an allegation that is required to state a claim for breach of the duty of fair representation, as noted supra.  See DelCostello, 462 U.S. at 164-65 ("'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.' . . .  The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.").

Viewing the allegations of the First Amended Complaint in the light

---

[5]Local 51 contends that the three state law claims are also preempted by § 301 of the LMRA because the resolution of the claims requires the Court to construe the terms of the CBA.  If so, Plaintiff's state law claims must likewise be dismissed because they would be preempted by § 301.  The Court, however, need not reach this issue.

most favorable to Plaintiff, the Court finds that the allegations of the Complaint are adequate to state a claim that Nelson Tree Service is, in effect, guilty of breaching the CBA by violating the December 15, 2005, Settlement Agreement, which was negotiated by Local 51 (on behalf of Plaintiff) and Nelson Tree Service pursuant to the terms of the CBA. The First Amended Complaint states that when Plaintiff learned that a Nelson crew had begun working in or about Quincy, Illinois, and that he had not been appointed foreman of the crew in accordance with the terms of the December 2005 Settlement Agreement, he filed a grievance because he believed that his employer had violated the Settlement Agreement. Although Nelson Tree Service is not a party to this action, this allegation is nonetheless sufficient to assert that the employer in effect violated the CBA by failing to comply with the terms of the December 2005 Settlement Agreement, which was negotiated pursuant to the terms of the CBA.

    Local 51 further argues that the allegations of the Complaint do not show that its conduct in abandoning Plaintiff's grievance was arbitrary, discriminatory, or in bad faith. A union breaches its duty of fair representation when its conduct in representing its members is arbitrary, discriminatory, or in bad faith. Vaca, 386 U.S. at 190; Crider v. Spectrulite

Consortium, Inc., 130 F.3d 1238, 1243 (7th Cir. 1997). "'Arbitrary,' 'discriminatory,' and 'bad faith' are three separate parts of the fair representation test," requiring individual analysis. Id.

"Insofar as grievances are concerned, 'a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory faction.'" Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 369 (7th Cir. 2003) (quoting Vaca, 386 U.S. at 191); Filippo v. Northern Indiana Public Service Corp. Inc., 141 F.3d 744, 748-49 (7th Cir. 1998). This means that, in the context of employee grievance, the union must conduct some minimal investigation into the matter, but the depth or the thoroughness of the investigation depends on the particular case, and only an egregious failure to serve the interests of its members amounts to a breach of the union's duty of fair representation. Neal, 349 F.3d at 369 (citing cases). The union need not take all member grievances to arbitration and "has discretion to act in consideration of such factors as the wise allocation of its own resources, its relationship with other employees, and its relationship with the employer." Id. (citing Rupe v. Spector Freight Sys., Inc., 679 F.2d 685, 691 (7th Cir. 1982)). Further, "[w]hereas the arbitrariness analysis looks to the objective adequacy of the Union's conduct, the discrimination and bad faith analyses

14

look to the subjective motivation of the Union officials." <u>Crider</u>, 130 F.3d at 1243.

The First Amended Complaint alleges that Local 51's conduct in refusing to pursue Plaintiff's grievance was arbitrary, discriminatory, or in bad faith. The May 24, 2006, letter states that Local 51, after discussing the matter with Plaintiff and his employer on May 22, 2006, abandoned the grievance process because it believed the grievance to be without merit. According to the letter, Local 51 believed that Nelson Tree Service had not acted contrary to the December 2005 Settlement Agreement. At this stage, the Court cannot say that it is beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Moreover, the discrimination and bad faith analyses require a factual determination which is not proper at this stage. The allegations of Count IV are adequate to satisfy the notice pleading standard because they provide fair notice of Plaintiff's claims and the grounds upon which they rest. Plaintiff states a claim for breach of the duty of fair representation. Local 51's request to dismiss Count IV is denied.

THEREFORE, for the reasons set forth above, Defendant Local 51's Motion to Dismiss Plaintiff's First Amended Complaint (d/e 15) is

ALLOWED, in part, and DENIED, in part. Counts I, II, and III are dismissed. The Defendants are directed to file an answer or otherwise plead to the remaining Count IV by September 18, 2007.

IT IS THEREFORE SO ORDERED.

ENTER: August 2, 2007.

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE